**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| Tyler McCoy,<br>on behalf of himself and all others<br>similarly situated, | ) <br> ) <br> ) <br> ) | |
| Plaintiff, | ) <br> ) | C.A. No.: 2:14-cv-3171-PMD |
| v. | ) <br> ) | **ORDER** |
| RP, Inc. d/b/a/ Kickin' Chicken;<br>RPM Mt. Pleasant, Inc.; RPM West<br>Ashley, Inc.; RPM James Island, Inc.;<br>RPM Summerville, Inc.; R. David<br>Miller, individually; William G.<br>"Chip" Roberts, III, individually; and<br>Robert Perry, individually, | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | |
| Defendants. | ) <br> ) <br> ) | |

This matter is before the Court on Plaintiff Tyler McCoy's Motion, on behalf of himself and all others similarly situated ("Plaintiff"), for Conditional Class Certification ("Motion") pursuant to the collective action provision of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) (ECF No. 60). There are also two related motions before the Court: Defendants' Motion to Strike (ECF No. 62) and Plaintiff's Motion to Equitably Toll the Statute of Limitations (ECF No. 71).

**BACKGROUND**

On August 7, 2014, Plaintiff commenced this action on behalf of himself and others similarly situated, seeking unpaid minimum wages and unpaid overtime wages pursuant to the FLSA. Plaintiff is a former employee of RP, Inc., and seeks recovery from all Defendants.[1]

---

1. Defendants RP, Inc., RPM Mt. Pleasant, Inc., RPM West Ashley, Inc., RPM James Island, Inc., and RPM Summerville, Inc. are restaurants that operate under the name Kickin' Chicken, and are referenced collectively as "Kickin' Chicken."

Plaintiff primarily alleges that Defendants used tip pools that violated the FLSA. Specifically, Plaintiff asserts that Defendants paid some of their employees an hourly wage lower than the statutory minimum wage using the FLSA's Tip Credit provision, 29 U.S.C. § 203(m). Plaintiff further asserts that while Defendants were paying less than the statutory minimum wage using the Tip Credit provision, they required certain employees to contribute a portion of their net sales to Kickin' Chicken's tip pools to compensate other employees.  Finally, Plaintiff alleges that some of the employees who received money from the tip pools were back-of-the-house employees[2] who did not qualify to share in the tip pools because they did not customarily and regularly receive tips.  Because these back-of-the-house employees did not customarily and regularly receive tips, as required by the Tip Credit provision, Plaintiff alleges that the tip pools he and the other potential class members shared with the back-of-the-house employees violated the FLSA.

Defendants assert that Plaintiff has not presented sufficient evidence to show that other Kickin' Chicken employees wish to opt-in to this suit or that Plaintiff is similarly situated to the potential class members.  To that end, Defendants moved to strike Plaintiff's affidavit supporting his Motion.

## PROCEDURAL HISTORY

On May 22, 2015, Plaintiff filed a Motion for Conditional Certification.  Defendants then filed a Response in Opposition to Conditional Certification on June 8, 2015.  That same day, Defendants filed a Motion to Strike portions of Plaintiff's affidavit.  On June 22, 2015, Plaintiff filed a Reply to Defendants' Response in Opposition to Conditional Certification and a Response in Opposition to Defendants' Motion to Strike.  Defendants then filed a Reply to Plaintiff's

---

2.  Among others, kitchen employees are usually an example of back-of-the-house staff.  *See Sorensen v. CHT Corp.*, Nos. 03 C 1609, 03 C 7632, 2004 WL 442638, at *1 (N.D. Ill. Mar. 10, 2004).

Response in Opposition to Defendants' Motion to Strike on July 7, 2015.  Next, Plaintiff filed a

Motion for Equitable Tolling on July 23, 2015.  Finally, Defendants filed a Response in

Opposition to Plaintiff's Motion for Equitable Tolling on August 8, 2015.  Accordingly, these

matters are now ripe for consideration.  The Court will address each pending motion in the order

in which it was filed.

*Plaintiff's Motion for Conditional Certification*

**<u>LEGAL STANDARD</u>**

Under the FLSA, employees may institute a collective action against their employer on

behalf of themselves and similarly situated employees.  The FLSA's collective action provision

states that:

> [a]n action to recover [unpaid overtime compensation] may be maintained against
> any employer (including a public agency) in any Federal or State court of
> competent jurisdiction by any one or more employees for and in behalf of himself
> or themselves and other employees similarly situated.  No employee shall be a
> party plaintiff to any such action unless he gives his consent in writing to become
> such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b).  The mechanism outlined in § 216(b) is designed to facilitate the efficient

adjudication of similar claims by "similarly situated" employees, permitting the consolidation of

individual claims and the pooling of resources in prosecuting such actions against their

employers.  *See Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989); *LaFleur v.

Dollar Tree Stores, Inc.*, 30 F. Supp. 3d 463, 467 (E.D. Va. 2014), *reconsideration denied*, 2014

WL 2121563 (E.D. Va. May 20, 2014), *and motion to certify appeal denied*, 2014 WL 2121721

(E.D. Va. May 20, 2014); *Lynch v. United Servs. Auto. Ass'n*, 491 F. Supp. 2d 357, 367

(S.D.N.Y. 2007).  In deciding whether the named plaintiffs in an FLSA action are "similarly

situated" to other potential plaintiffs, courts generally employ a two-stage approach.[3]  *Purdham v. Fairfax Cty. Pub. Sch.*, 629 F. Supp. 2d 544, 547 (E.D. Va. 2009) (quoting *Parker v. Rowland Express, Inc.*, 492 F. Supp. 2d 1159, 1164 (D. Minn. 2007)); *see also Regan v. City of Charleston*, No. 2:13-cv-03046-PMD, 2014 WL 3530135, at *2 (D.S.C. July 16, 2014); *Pelczynski v. Orange Lake Country Club, Inc.*, 284 F.R.D. 364, 367 (D.S.C. 2012); *Simons v. Pryor's, Inc.*, No. 3:11-cv-0792-CMC,   2011 WL 6012484, at *1 (D.S.C. Nov. 30, 2011); *MacGregor v. Farmers Ins. Exch.*, No. 2:10-cv-03088-DCN, 2011 WL 2981466, at *2 (D.S.C. July 22, 2011).

The first step in this process, which is the subject of the instant Motion, is the "notice," or "conditional certification," stage.  *Purdham*, 629 F. Supp. 2d at 547.  Here, "a plaintiff seeks conditional certification by the district court in order to provide notice to similarly situated plaintiffs" so that they can "opt-in" to the collective action.  *Pelczynski*, 284 F.R.D. at 367–68.  With regard to this notice phase, "[t]he Supreme Court has held that, in order to expedite the manner in which collective actions under the FLSA are assembled, 'district courts have discretion[,] in appropriate cases[,] to implement . . . § 216(b) . . . by facilitating notice to potential plaintiffs.'"  *Purdham*, 629 F. Supp. 2d at 547 (quoting *Hoffman-La Roche, Inc.*, 493 U.S. at 169).  At this stage, the court reviews the pleadings and affidavits to determine whether the plaintiff has carried his burden of showing that he is similarly situated to the other putative class members.  *Pelczynski*, 284 F.R.D. at 368; *Purdham*, 629 F. Supp. 2d at 547–48.  "Because the court has minimal evidence, this determination is made using a fairly lenient standard,"

---

3.  Although the Fourth Circuit has not yet enunciated a test for conditional certification of collective actions, district courts in the Fourth Circuit, including this Court, typically follow the two-stage, or two-step, approach when deciding whether named plaintiffs are similarly situated to potential plaintiffs.  *E.g.*, *LaFleur*, 30 F. Supp. 3d at 467 ("District courts within . . . the Fourth Circuit . . . have uniformly employed a two-step inquiry in deciding whether to certify a collective action under the FLSA . . . ."); *Curtis v. Time Warner Entm't*, No. 3:12-cv-2370-JFA, 2013 WL 1874848, at *2 (D.S.C. May 3, 2013) ("Although the Fourth Circuit has not directly addressed the appropriate standard for certifying a collective action under § 216(b), district courts in this circuit, including this court, follow the [two-stage] process . . . .").

*Steinberg v. TQ Logistics, Inc.*, No. 0:10-cv-2507-JFA, 2011 WL 1335191, at *1 (D.S.C. Apr. 7, 2011), requiring plaintiffs to make a "a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law," *Purdham*, 629 F. Supp. 2d at 548. If the court determines that the proposed class members are similarly situated, the court conditionally certifies the class. *Steinberg*, 2011 WL 1335191, at *1. The putative class members are then notified and afforded the opportunity to "opt-in," and the case proceeds as a representative action throughout discovery. *Id.* (citing *Scholtisek v. Eldre Corp.*, 229 F.R.D. 381, 387 (W.D.N.Y. 2005)); *see also Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1530 (2013) (citation omitted) ("'[C]onditional certification' does not produce a class with an independent legal status, or join additional parties to the action. The sole consequence of conditional certification is the sending of court-approved written notice to employees, who in turn become parties to a collective action only by filing written consent with the court." (citing § 216(b))).

Second, after the court has conditionally certified the class, the potential class members have been identified and notified, and discovery has been completed, "a defendant may then move to decertify the collective action, pointing to a more developed record to support its contention that the plaintiffs are not similarly situated to the extent that a collective action would be the appropriate vehicle for relief." *Pelczynski*, 284 F.R.D. at 368. At this optional "decertification stage," the court applies a heightened fact-specific standard to the "similarly situated" analysis. *Steinberg*, 2011 WL 1335191, at *2; *see Pelczynski*, 284 F.R.D. at 368. "Courts have identified a number of factors to consider at this stage, including (1) disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to defendants that appear to be individual to each plaintiff; and (3) fairness and procedural

5

considerations." *Curtis*, 2013 WL 1874848, at *3 (internal quotation marks omitted). If the court determines that the plaintiffs are not, in fact, similarly situated, it may decertify the class, dismiss the opt-in plaintiffs' claims without prejudice, and permit the named plaintiffs to proceed on their individual claims. *Id.*

## ANALYSIS

Plaintiff specifically requests that this Court enter an order: (1) conditionally certifying a class of individual restaurant employees ("Proposed Class"), as detailed further herein; (2) requiring Defendants to produce the names, addresses, telephone numbers, email addresses, and dates of employment for all members of the Proposed Class; (3) authorizing Plaintiff to send a court-approved notice to members of the Proposed Class by both U.S. Mail and email; (4) authorizing Plaintiff to send a text message containing a reduced notice to any member of the Proposed Class whose notice sent by U.S. Mail is returned as undeliverable; and (5) authorizing Plaintiff to post a laminated notice, with an adjacent envelope containing consents, in a communal area within each Kickin' Chicken location. The Court will address each request in turn, along with Defendants' objections thereto.

### I.     Conditional Certification

Plaintiff moves to conditionally certify the following Proposed Class:

> Any individual employed at Kickin' Chicken (Downtown Charleston; James Island; Mt. Pleasant; West Ashley; or Summerville) at any time since [DATE][4] who at any time was paid an hourly rate less than the statutory minimum wage of Seven and 25/100 dollars ($7.25) per hour and either contributed money to a tip pool or received money from a tip pool.

(Pl's. Mem. Supp. Mot. Conditional Class Certification, ECF No. 60-1, at 4.)

Defendants first assert that Plaintiff cannot meet his burden for conditional certification because he has failed to show that "other employees exist who wish to opt in to this lawsuit."

---

4. Plaintiff requests that the date be the date three years prior to the entry of this order.

(Defs.' Mem. Opp'n. Pl's. Mot. Conditional Class Certification, ECF No. 61, at 4.)  Defendants cite to the Eleventh Circuit and to district courts throughout the country that impose such a requirement. *See, e.g.*, *Dybach v. Fla. Dep't of Corr.*, 942 F.2d 1562 (11th Cir. 1991); *O'Donnell v. Robert Half Int'l, Inc.*, 534 F. Supp. 2d 173 (D. Mass. 2008); *Simmons v. T-Mobile USA, Inc.*, No. H-06-1820, 2007 WL 210008 (S.D. Tex. Jan. 24, 2007); *Davis v. Charoen Pokphand (USA), Inc.*, 303 F. Supp. 2d 1271 (M.D. Ala. 2004).  The Fourth Circuit has not ruled on this specific issue, but this Court has stated that "[a]bsent authority requiring consideration of the actual interest level of potential opt-ins, this court is not inclined to impose such a burden."  *Simons v. Pryor's, Inc.*, No. 3:11-cv-0792-CMC, 2011 WL 3158724, at *2 (D.S.C. July 26, 2011). Additionally, "such a requirement seems at odds with, or at least duplicative of, the special opt-in procedures applied under the FLSA."  *Id.*  Therefore, the Court declines to require that Plaintiff show interest from potential opt-ins in order to conditionally certify a class.

Next, Defendants assert that Plaintiff has not produced sufficient evidence to meet the burden of class certification because Plaintiff is not similarly situated to other Kickin' Chicken employees.  As also raised in their Motion to Strike, Defendants contend that Plaintiff must present "*admissible* evidence to support a finding that the proposed class is similarly situated." (Defs.' Mem. Opp'n Pl's. Mot. Conditional Certification, ECF No. 61, at 15.)  As discussed further in the section of this order denying Defendants' Motion to Strike, courts in the Fourth Circuit that have addressed the issue have held that hearsay evidence in an affidavit supporting a motion for conditional certification may be considered so long as it is based on personal knowledge.  *See, e.g., Robinson v. Empire Equity Grp.*, No. WDQ–09–1603, 2009 WL 4018560, at *3 (D. Md. Nov. 18, 2009).  Therefore, the Court will consider the evidence presented in Plaintiff's affidavit.

Plaintiff has produced factual evidence in the form of his affidavit. The Court finds that the affidavit is sufficient factual evidence to support Plaintiff's allegation that the Proposed Class is similarly situated. Plaintiff's affidavit states that he worked at the downtown Kickin' Chicken location, and Plaintiff never asserts that he worked at any other Kickin' Chicken location. However, Plaintiff's affidavit also states that servers from other Kickin' Chicken locations told him that they also had a mandatory tip out policy. Additionally, his affidavit states that a member of management told him that the tip out policies were the same at the other Kickin' Chicken locations. Plaintiff has produced evidence that Kickin' Chicken employed a common scheme or policy of requiring servers to participate in tip pools with allegedly ineligible employees. Additionally, Kickin' Chicken's policy applied to Plaintiff personally. While Defendants correctly point out that Plaintiff has not produced any evidence from employees of the other Kickin' Chicken locations, nor has he identified the declarants who told him about the policies at those locations, those arguments are better suited for the optional de-certification stage. *See Pelczynski*, 284 F.R.D. at 368. Thus, the Court finds that Plaintiff's affidavit is sufficient evidence to demonstrate that the Proposed Class is similarly situated to Plaintiff. As a result, Plaintiff has met his lenient burden for conditional certification.

Defendants also object to the definition of the Proposed Class, stating that the class should be limited to servers from the downtown Charleston Kickin' Chicken owned by RP, Inc. The Court agrees that the class should be narrowed.[5]

---

5. To have a private right of action under §216(b), back-of-the-house employees must have been paid less than the minimum wage. *Trejo v. Ryman Hosp. Props., Inc.*, 795 F.3d 442, 446 (4th Cir. 2015) (citing *Monahan v. County of Chesterfield*, 95 F.3d 1263, 1284 (4th Cir. 1996)). The only evidence submitted about back-of-the-house employees' wages were affidavits prepared by various Kickin' Chicken managers, which state that back-of-the-house employees were paid at least minimum wage. Plaintiff's affidavit contains conclusory statements that bartenders and other support staff members were paid less than minimum wage. However, unlike his claims about servers, Plaintiff's claims about bartenders and back-of-the-house employees are not supported by any additional evidence. Therefore, Plaintiff's statements are insufficient evidence to warrant the inclusion of back-of-the-house employees and bartenders in the class.

Therefore, the Court conditionally certifies Plaintiff's Proposed Class with some of the modifications requested by Defendants. The class is hereby defined as follows:

> All Kickin' Chicken servers at each location who were paid an hourly rate less than the statutory minimum wage of Seven and 25/100 dollars ($7.25) per hour at any time since October 19, 2012.

## II.    Contact Information for the Proposed Class

Plaintiff also requests an order requiring Defendants to produce the names, addresses, telephone numbers, email addresses, and dates of employment for all Kickin' Chicken employees belonging to the class. Defendants object to disclosing the telephone numbers and email addresses of their current and former employees.

District courts have taken conflicting positions and approaches as to what information regarding potential plaintiffs may or must be disclosed to named plaintiffs at the notice stage of FLSA actions.[6] Although email addresses are more routinely disclosed, district courts in this circuit have required a showing of a "special need" before requiring the disclosure of telephone numbers. *See Ruiz v. Monterey of Lusby, Inc.*, No. DKC 13-3792, 2014 WL 1793786, at *3 n.1 (D. Md. May 5, 2014) (quoting *Calderon v. Geico Gen. Ins. Co.*, No. RWT 10cv1958, 2011 WL 98197, at *9 (D. Md. Jan. 12, 2011) ("Defendants will not . . . be required to provide phone numbers for potential opt-in plaintiffs at this time because Plaintiffs have made no showing of any 'special need' for the disclosure of this information.").

Plaintiff argues for email notice in addition to U.S. Mail notice because "email addresses tend to last for a long time" and "email notice has been found by courts to be a safe, reliable, and

---

6. *Compare Velasquez v. Digital Page, Inc.*, No. 11-3892 LDW AKT, 2014 WL 2048425, at *15 (E.D.N.Y. May 19, 2014) ("In general, it is appropriate for courts in collective actions to order the discovery of names, addresses, telephone numbers, email addresses, and dates of employment of potential collective members."), *with Amrhein v. Regency Mgmt. Servs., LLC*, No. SKG-13-1114, 2014 WL 1155356, at *10 (D. Md. Mar. 20, 2014) ("Courts in this district hold that absent a showing by plaintiffs of a 'special need' for disclosure of class members' telephone numbers or other personal information, such as social security numbers or dates of birth, ordering such disclosure is inappropriate.").

very unobtrusive method of delivering notice." (Pls.' Mem. Supp. Mot. Conditional Certification, ECF No. 60-1, at 11.)  As for telephone numbers, Plaintiff desires to use a text message form of notice if a class member's U.S. Mail notice is returned as undeliverable. Plaintiff asserts that he has shown the requisite special need because the Kickin' Chicken servers are "migratory in nature." *Id.*  Plaintiff claims that "[t]he one constant contact that *these putative members* have is their cell phone number." *Id.*  The Court finds that Plaintiff has not demonstrated a special need for the use of text message notice, but approves sending notice by both U.S. Mail and email.[7]  Plaintiff's assertion that the Kickin' Chicken servers are migratory in nature does not rise to the level of a "special need."  Accordingly, Plaintiff's request that the Court order Defendants to produce the email addresses of potential plaintiffs is granted, while Plaintiff's request for text message notice is denied.  Defendants are hereby ordered to produce the names, last known addresses, email addresses, and dates of employment of all potential plaintiffs to the third-party administrator within ten days of this Order.

Finally, Plaintiff and Defendants disagree over the subject line to be used for the email Notice.  Plaintiff requests "Kickin' Chicken Lawsuit—Please Read."  (Pl's. Mem. Supp. Mot. Conditional Certification, ECF No. 60-1, at 11.)  In contrast, Defendants request "Notice of Fair Labor Standards Lawsuit."  (Defs.' Mem. Opp'n Pl's. Mot. Conditional Certification, ECF No. 61, at 27.)  In accordance with the goals of a court-authorized notice discussed below in section III, the Court approves Plaintiff's requested subject line.

---

7. "'[C]ommunication through email is [now] the norm.'" *Butler v. DirectSAT USA, LLC*, 876 F. Supp. 2d 560, 575 (D. Md. 2012) (quoting *In re Deloitte & Touche, LLP Overtime Litig.*, No. 11 Civ. 2461(RMB)(THK), 2012 WL 340114, at *2 (S.D.N.Y. Jan. 17, 2012)).

### III.          Form and Manner of Court-Facilitated Notice

The Court next turns to Plaintiff's various requests regarding the court-facilitated notice to potential opt-in plaintiffs, as well as Defendants' objections to the form and manner of such notice.

### A.          *Proposed Initial Notice*

Contemporaneously with his filing of the instant Motion, Plaintiff has provided the Court with a proposed notice, titled "Notice of Collective (Class) Action Lawsuit" ("Proposed Notice"). Plaintiff seeks the Court's approval of the Proposed Notice and the Court's authorization to send it to prospective plaintiffs. Defendants, in addition to requesting modification of the Proposed Notice to account for the various objections outlined above, also ask that the language of the Proposed Notice be amended in several other respects. The Court will address all of Defendants' objections to Plaintiff's Proposed Notice in turn.

Again, it is important to note that "district courts have discretion, in appropriate cases, to implement . . . § 216(b) . . . by facilitating notice to potential plaintiffs." *Hoffmann-La Roche, Inc.*, 493 U.S. at 169. In facilitating such notice under the FLSA, courts also have "broad discretion regarding the 'details' of the notice sent to potential opt-in plaintiffs." *Butler v. DirectSAT USA, LLC*, 876 F. Supp. 2d 560, 574 (D. Md. 2012) (quoting *Lee v. ABC Carpet & Home*, 236 F.R.D. 193, 202 (S.D.N.Y. 2006)). "Neither the [FLSA], nor other courts, have specifically outlined what form court-authorized notice should take nor what provisions the notice should contain." *Moore v. Eagle Sanitation, Inc.*, 276 F.R.D. 54, 60 (E.D.N.Y. 2011) (quoting *Fasanelli v. Heartland Brewery, Inc.*, 516 F. Supp. 2d 317, 323 (S.D.N.Y. 2007) (internal quotation marks omitted)). Moreover, the Supreme Court has expressly abstained from reviewing the contents of a proposed notice under § 216(b), instead "confirm[ing] the existence

of the trial court's discretion, not the details of its exercise." *Hoffman-La Roche, Inc.*, 493 U.S. at 170. Nevertheless, "[w]hen exercising its broad discretion to craft appropriate notices in individual cases, District Courts [should] consider the overarching policies of [the FLSA's] collective suit provisions." *Velasquez*, 2014 WL 2048425, at *9 (quoting *Fasanelli*, 516 F. Supp. 2d at 323 (internal quotation marks omitted)). "The[se] overarching policies . . . require that the proposed notice provide accurate and timely notice concerning the pendency of the collective action, so that potential plaintiffs can make informed decisions about whether to participate." *Butler*, 876 F. Supp. 2d at 574–75 (quoting *Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F. Supp. 2d 445, 450 (S.D.N.Y. 2011)). "Absent reasonable objections by either the defendant or the Court, plaintiffs should be allowed to use the language of their choice in drafting the notice." *Sylvester v. Wintrust Fin. Corp.*, No. 12 C 01899, 2013 WL 5433593, at *6 (N.D. Ill. Sept. 30, 2013) (quoting *Kelly v. Bank of Am., N.A.*, No. 10 C 5332, 2011 WL 7718421, at *1 (N.D. Ill. Sept. 23, 2011) (internal quotation marks omitted)).

Defendants' objections are addressed under the headings used in their Memorandum in Opposition to Plaintiff's Motion for Conditional Class Certification. The third-party administrator shall modify Plaintiff's amended notice, found in Exhibit 2 to his Reply, in accordance with the Court's rulings below.

1.    Plaintiff's Requested Notice

Defendants have agreed to use a third-party administrator, Simpluris, to "send out any Court approved notices." (Defs.' Mem. Opp'n. Pls.' Mot. Conditional Certification, ECF No. 61, at 27.) Defendants have further agreed to produce the potential class members' information to Simpluris within ten business days of this Order. Plaintiff has agreed to the use of a third-party administrator. Accordingly, it is so ordered.

Plaintiff's counsel also requested that he be provided with the contact information of potential class members. Plaintiff's counsel's request is denied in the interest of a neutral notice and the potential class members' privacy. *See Robinson*, 2009 WL 4018560, at *5. Should Plaintiff's counsel need the potential class member as a non-party witness, Plaintiff may use all the normal methods available for contacting such a witness.

### 2.    U.S. Mail

Plaintiff argues that the Proposed Notice should be sent to each physical address and email address that Defendants have on file because the potential class members are migratory in nature. Defendants agree to mail a Court-approved notice to the last known address of all members of the potential class, but do not agree to mail notice to all addresses they may have for potential class members. Defendants assert that they would know if the last known addresses of former employees were incorrect since their last W-2 forms were sent there. Additionally, Defendants assert that searching all records of each potential class member to determine if he or she provided more than one physical or email address would be extremely burdensome and unnecessary unless the letter was returned and the email was undeliverable. Finally, Defendants assert, "sending multiple copies of the Notice could be confusing to the recipients." (Defs.' Mem. Opp'n. Pls.' Mot. Conditional Certification, ECF No. 61, at 26.) The Court agrees with Defendants that such notice is unnecessary and overly burdensome. Plaintiff may request additional address information for any potential class member whose U.S. Mail Notice was returned and whose email Notice was undeliverable.

### 3.    E-mail And Text Message Via Cell Phone

Next, Defendants state that they would allow the third-party administrator to send a Notice by email only if a U.S. Mail Notice sent by the third-party administrator was returned.

Additionally, Defendants state that they do not agree to authorize the third-party administrator to send text messages via cell phone. As discussed above, the third-party administrator is authorized to send out a Notice to each potential class member by both U.S. Mail and email, but is not authorized to send a Notice by text message.

4.     Definition Of Class

Plaintiff's Proposed Class is limited in accordance with the discussion above. Defendants' objection is therefore sustained in part and overruled in part.

5.     Opt-In Period Notification "Over Kill"

Plaintiff agreed to the modifications requested by Defendants. Defendants' objection is therefore sustained.

6.     Class Versus Collective Action

Plaintiff agreed to the modifications requested by Defendants. Defendants' objection is therefore sustained.

7.     Other Objections

Defendants object to the use of "Kickin' Chicken" in Plaintiff's initial Proposed Notice and request that Plaintiff use Defendants' corporate names. In light of the goals of a court-authorized notice, the Court overrules Defendants' objection and permits the use of Kickin' Chicken in place of Defendants' corporate names.

Defendants' second objection is to the first bold paragraph of the Proposed Notice. Defendants assert that it is unnecessary and redundant of language in the next paragraph and should therefore be deleted. That paragraph does not appear in Plaintiff's amended notice attached as Exhibit 2 of Plaintiff's Reply. Additionally, Plaintiff did not object to changing that

paragraph in his Reply.  Thus, it appears that Plaintiff does not oppose Defendants' objection, and it is therefore sustained.

Defendants' third objection is a suggestion on how to restructure Plaintiff's initial Proposed Notice for clarity.  Again, Plaintiff incorporated those changes in his amended notice and did not object to them in his Reply.  Thus, Defendants' objection is sustained.

Defendants' fourth objection is to language in Plaintiff's initial Proposed Notice about the effect of joining and not joining.  As with previous sections, Plaintiff has incorporated these changes in his amended notice and did not oppose these changes in his Reply. Thus, Defendants' objection is sustained.

Defendants' fifth objection is to a stray reference to Hyman's Seafood in Plaintiff's initial Proposed Notice.  Plaintiff has deleted the reference to Hyman's Seafood and Defendants' objection is sustained.

Defendants' sixth objection is to language in Plaintiff's initial Proposed Notice stating that tips were "taken" by Kickin' Chicken and to parenthetical information about liquidated damages.  Defendant has made suggested changes to that language.  Plaintiff has incorporated those changes in his amended notice and did not oppose those changes in his Reply.  Thus, Defendants' objection is sustained.

Defendants' seventh objection requests the deletion of the paragraph numbered 5 in Plaintiff's initial Proposed Notice.  Plaintiff deleted the paragraph in his amended notice and did not oppose that change in his Reply.  Thus, Defendants' objection is sustained.

Defendants' eighth objection is to the paragraph numbered 6 in Plaintiff's initial Proposed Notice.  Defendants request that Plaintiff substitute their sentence about compensating other counsel.  Plaintiff amended the paragraph in his amended notice and did not oppose that

change in his Reply.  Thus, Defendants' objection to that sentence is sustained.  Defendants also assert that Plaintiff's statement about costs is inaccurate because "employees may be responsible for costs should they not prevail."   (Defs.' Mem. in Opp'n to Pl's. Mot. Conditional Certification, ECF No. 61, at 33.)  Plaintiff's counsel responds that he "knows of no court within the Fourth Circuit that has required this type of language."  (Pl's. Reply to Mot. Conditional Certification, ECF No. 63, at 8.)  The District Court for the Northern District of West Virginia addressed this issue in *Byard v. Verizon West Virginia, Inc.*, 287 F.R.D. 365 (N.D. W. Va. 2012). In *Byard*, the court included a sentence in the authorized notice that stated, "If you do not prevail on your claim, court costs and expenses may possibly be assessed against you."  287 F.R.D. at 375.  Therefore, the Court finds Defendants' request to include similar language in Plaintiff's initial Proposed Notice reasonable.  Thus, Defendants' objection is sustained.

Defendants' ninth objection is to the paragraph numbered 7 in Plaintiff's initial Proposed Notice.  Defendants request that the word "class" be removed and replaced with "collective" to accurately reflect this type of case.  Plaintiff's amended notice reflects that change and Plaintiff did not oppose it in his Reply.  Thus, Defendants' objection is sustained.

Defendants' tenth objection is to the provision in Plaintiff's initial Proposed Notice about contacting the Court.  Defendants request that this provision be removed because it "is unnecessary and also implies that the Court is commenting on an employee's 'rights' rather than merely authorizing that a Notice be sent out."  (Defs.' Mem. in Opp'n Pl's. Mot. Conditional Certification, ECF No. 61, at 33.)  Plaintiff's amended notice reflects that change and Plaintiff did not oppose it in his Reply.  Thus, Defendants' objection is sustained.

Defendants' final objection is to the paragraph numbered 8 in Plaintiff's initial Proposed Notice. Defendants contend that both sentences belong elsewhere in the Proposed Notice.

Plaintiff's amended notice reflects that change and Plaintiff did not object to this change in his Reply. Thus, Defendants' objection is sustained.

###### B.    *Posting of the Authorized Notice*

Finally, Defendants argue against posting a laminated notice in each Kickin' Chicken location, as requested by Plaintiff. Defendants cite to this Court's order in *Regan v. City of Charleston*, stating that the current employees who would see the laminated notice are the very employees whose contact information is most likely to be up to date. 2014 WL 3530135, at *11 (D.S.C. July 16, 2014). Additionally, Defendants contend that posting the notice in the workplace is likely to increase tension in the work environment. The Court finds Defendants' arguments persuasive. No laminated notice shall be posted in any of the Kickin' Chicken locations.

### *Defendants' Motion to Strike*

Defendants allege that the fifth, ninth, and tenth paragraphs of Plaintiff's affidavit supporting his Motion for Conditional Certification are not based on personal knowledge and contain inadmissible hearsay. Therefore, Defendants argue, those portions should be stricken. The Fourth Circuit has not addressed whether a court should consider hearsay in supporting affidavits at the conditional certification stage. However, "[j]udges deciding motions for conditional certification in this district have considered hearsay in supporting affidavits." *Robinson v. Empire Equity Grp., Inc.*, No. WDQ-09-1603, 2009 WL 4018560, at *3 (D. Md. Nov. 18, 2009) (citing *Mancia v. Mayflower Textile Servs. Co.*, No. CCB-08-273, 2008 WL 4735344, at *3 (D. Md. Oct. 14, 2008); *Montoya v. S.C.C.P. Painting Contractors, Inc.*, No. CCB-07-455, 2008 WL 554114, at *2 (D. Md. Feb. 26, 2008); *Marroquin v. Canales*, 236 F.R.D. 257, 260 (D. Md. 2006)). "This is appropriate given the 'modest factual support'

required at this stage." *Id.* (quoting *D'Anna v. M/A-COM, Inc.*, 903 F. Supp. 889, 894 (D. Md. 1995)). Nonetheless, "[a]ffidavits 'submitted at the notice stage must be based on the personal knowledge of the affiant.'" *Id.* (quoting *White v. MPW Indus. Servs., Inc.*, 236 F.R.D. 363, 369 (E.D. Tenn. 2006)). Without the personal knowledge requirement, "'affidavits submitted would not be any more probative than the bare allegations in the complaint, and the requirement of factual support would be superfluous.'" *Id.* (quoting *White*, 236 F.R.D. at 369).

Defendants assert that Plaintiff's statements in the ninth and tenth paragraphs of his affidavit are hearsay. Thus, Defendants contend, those statements must be stricken from Plaintiff's affidavit. In paragraph nine, Plaintiff states "I have been told by servers at other Kickin' Chicken locations that the tip out policy was mandatory at these locations." (Pl.'s Aff., ECF No. 60-5, at 2.) Then, in paragraph ten, he states, "I have been told by a member of management that the tip out policies were the same at the other Kickin' Chicken locations." *Id.* As discussed above, courts in the Fourth Circuit have held that it is appropriate to consider hearsay at the conditional certification stage. Accordingly, Defendants' argument as to hearsay is rejected.

Defendants also assert that Plaintiff's statements in the fifth, ninth, and tenth paragraphs of his affidavit are not based on personal knowledge and should therefore be stricken. Paragraphs nine and ten are quoted above. Paragraph five of Plaintiff's affidavit states, "[a]dditional support staff was paid less than $7.25 an hour." (Pl.'s Aff., ECF No. 60-5, at 1.) However, Plaintiff correctly asserts that the statements considered by the court in *Robinson* are precisely the same kind of statements that Plaintiff made in this case. In *Robinson*, two of the opt-in plaintiffs submitted affidavits discussing how employee compensation and hours were determined for employees in other branches of their mortgage broker employer. 2009 WL

4018560, at *3.  The affiants in *Robinson* did not work at those branches, but had a working knowledge of operations in the other branches as a result of conversations they had with other employees of their common employer.  *Id.*  The court in *Robinson* treated that type of hearsay information as within the affiants' personal knowledge and ultimately certified the class.  *Id.* at *3, *5.

Although Plaintiff's affidavit does not identify the declarant or declarants who told him about tip pools at other Kickin' Chicken locations, that information is nonetheless within his personal knowledge.  As a result of his conversations with other servers and with a member of management, Plaintiff has personal knowledge, whether accurate or not, of the tip pooling practices at other Kickin' Chicken locations.  Additionally, Plaintiff has personal knowledge that additional support staff was paid less than $7.25 an hour because he worked with those employees.  Under *Robinson*, that knowledge may be considered by the Court at the notice stage. Therefore, Defendants' argument as to personal knowledge fails.

### *Plaintiff's Motion to Equitably Toll the Statute of Limitations*

Finally, the Court addresses Plaintiff's Motion to Equitably Toll the Statute of Limitations (ECF No. 71) from June 25, 2015 through the end of the notice period.  The Court denies Plaintiff's motion.

"Equitable tolling is available when 1) the plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant, or 2) extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time." *Cruz v. Maypa*, 773 F.3d 138, 146 (4th Cir. 2014) (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000) (internal quotation marks omitted)).  "Equitable tolling is a rare remedy available only where the plaintiff has 'exercise[d] due diligence in preserving [his] legal rights.'" *Id.* at 145–46

(quoting *Chao v. Va. Dep't Transp.*, 291 F.3d 276, 283 (4th Cir. 2002) (first alteration in original)).   Additionally, "equitable tolling for unspecified potential plaintiffs should not be permitted without extraordinary justification."   *LaFleur v. Dollar Tree Stores, Inc.*, No. 2:12-cv-00363, 2012 WL 4739534, at *7 (E.D. Va. Oct. 2, 2012) (citing *Longcrier v. HL-A Co., Inc.*, 595 F.2d 1218, 1244 (S.D. Ala. 2008) ("To hold otherwise would be to opine that equitable tolling should be granted in every § 216(b) case as a matter of course during the pendency of the conditional class certification request, thereby transforming this extraordinary remedy into a routine, automatic one.").

Plaintiff has not alleged that he was prevented from asserting his claims by any wrongful conduct on the part of any defendant. Accordingly, in order to prevail, Plaintiff must show the existence of some extraordinary circumstance beyond his control.   After carefully considering Plaintiff's motion and the arguments asserted therein, the Court concludes that equitable tolling is not warranted in this instance.   Plaintiff has made no showing of an extraordinary circumstance that would justify equitable tolling.   Therefore, Plaintiff's Motion to Equitably Toll the Statute of Limitations is denied.

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that Plaintiff's Motion to Conditionally Certify a class is **GRANTED IN PART AND DENIED IN PART**, subject to the modifications and limitations outlined above.

It is further **ORDERED** that Defendants' Motion to Strike is **DENIED**.

It is further **ORDERED** that Plaintiff's Motion to Equitably Toll the Statute of Limitations is **DENIED**.

**AND IT IS SO ORDERED**.

PATRICK MICHAEL DUFFY
United States District Judge

**October 19, 2015**
**Charleston, South Carolina**

21